J. Michael Vallee, SBN 97927
LAW OFFICES OF J. MICHAEL VALLEE
603 N. Highway 101, Suite G
Solana Beach, CA 92075
Telephone: (858) 755-6477
Facsimile: (858) 755-0785

Eric A. LaGuardia, SBN 272791
LAGUARDIA LAW
1455 Kettner Blvd, Suite 214
San Diego, CA 92101
Telephone: (619) 655-4322
Facsimile: (619) 655-4344

Attorneys for Plaintiffs, PETER SALVATO
And JULIE SALVATO

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SALVATO and JULIE SALVATO,<br><br>        Plaintiffs,<br>    vs.<br><br>OCWEN LOAN SERVICING, LLC., REGAL HOME LOANS, SECURED BANKERS MORTGAGE, and DOES 1 through 50,<br><br>        Defendant(s). | Case No.: 3:12-CV-00088-JLS-POR<br><br>HON. Janis L. Sammarito<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Come now Plaintiffs, PETER and JULIE SALVATO, through their attorney, and make the following allegations based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## I.

## <u>NATURE OF THE ACTION</u>

This is a consumer case on behalf of PETER and JULIE SALVATO [hereinafter "PLAINTIFFS" or "SALVATOS"] and any other consumers similarly situated who have or had their mortgage loan servicing performed by OCWEN LOAN SERVICING, LLC, [hereinafter

"OCWEN"].  PLAINTIFFS allege that OCWEN is attempting to collect a disputed debt.  More specifically, OCWEN is attempting to collect allegedly past due amounts for payments prior to a loan modification agreement.  The alleged past due payment amounts, which caused PLAINTIFFS loan to be in alleged default at the time service of the debt was transferred to OCWEN, were rolled into the new principal balance when the loan was modified December 1, 2009.  OCWEN took over the servicing of the mortgage in or about late 2010 and is now attempting to collect the very same past due payment amounts that were to be rolled into the principal on the executed loan modification, essentially attempting to collect double payment for these alleged past due payment amounts, in violation of State and Federal laws.

      1.      SALVATOS purchased a home located at 9240 Vista Drive in Spring Valley, California 91977 [hereinafter "HOME"] and, as part of that purchase, secured a mortgage in the approximate amount of $460,000.00 in October of 2005.

      2.      On December 1, 2009, PLAINTIFFS entered into a loan modification with the mortgagee, THE BANK OF NEW YORK MELLON [hereinafter "MELLON"].  In or about late 2010, OCWEN took over servicing of the loan.  As part of the loan modification, arrearages and payment amounts past due, or in default, were rolled into a new principal amount.  These previous fees, sometimes called "previous foreclosure fees," sometimes called "prior penalty and service fees," are somewhere in the amounts between $3,000.00 and $10,000.00 depending on which accountings is viewed.  Despite the fact that these sums were rolled into the executed loan modification agreement, OCWEN has continued to try to collect these alleged past due payment amounts from PLAINTIFFS in addition to the principal which already contains these alleged past due payment amounts, even though these amounts were disputed in writing by PLAINTIFFS, and even though OCWEN was notified in writing by PLAINTIFFS' counsel that PLAINTIFFS have retained counsel and that OCWEN is no longer to contact PLAINTIFFS directly regarding this alleged debt.

//

//

//

## II.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Because Defendants do business within the State of California, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. 1391.

## III.

## THE PARTIES

4.      PLAINTIFFS are husband and wife and at all times herein residents of the State of California, County of San Diego.

5.      MELLON is a financial institution doing business in the State of California and is alleged to be the owner of the Note secured by the subject premises.  They are alleged to be the principal for Defendant OCWEN.

6.      Defendant OCWEN is a large financial institution that is alleged to have taken over the servicing of the subject mortgage sometime in late 2010 or early 2011.  OCWEN has represented that they are a debt collection company and are attempting to collect on a disputed debt stemming from the inaccurate financial calculations on this mortgage performed by SAXON, the prior servicer of PLAINTIFFS' loan.

7.      Defendant REGAL HOME LOANS [hereinafter "REGAL"] is a mortgage broker located in Carlsbad, California, who acted as the broker for the original loan in this case.

8.      Defendant SECURED BANKERS MORTGAGE [hereinafter "SECURED BANKERS"] is a company based in Van Nuys, California, who was the original lender in this case before MELLON allegedly acquired the mortgage on PLAINTIFFS' home.

9.      The true names and capacities of Defendants DOES 1 through 50, inclusive are unknown to Plaintiffs and thus Plaintiffs sue these Defendants by such fictitious names. PLAINTIFFS further allege that each named or fictitious Defendant is in some manner responsible for the acts and occurrences alleged herein, was and is acting as the agent or principal on behalf of each and other Defendant, and is therefore jointly and severally responsible for all

acts herein alleged.  PLAINTIFFS will seek leave of this court to amend this Complaint to state the real names and capacities of the fictitiously named Defendants when the same have been ascertained.

10.     PLAINTIFFS allege that each Defendant acted as the agent, employee, representative partner, joint venturer, or co-conspirator of each and every other co-defendant, each acted with the course and scope of such duties, and each subsequently ratified any illegal behavior and thus constituted a single and continuing course of conduct.

## IV.

## INDIVIDUAL FACTS

11.     PLAINTIFFS purchased their HOME in October of 2005 and gave a Deed a Trust secured by an adjustable rate Note to SECURED BANKERS.  Defendant REGAL acted as the broker in this transaction.  The Note provided for a one percent (1%) interest rate as a "teaser" rate and provided for three payment choices.  The structure of the Note was such that negative amortization was possible.

12.     The terms of the Note were confusing and unfair and the Note was the type of mortgage product that has led to the recent financial collapse in our country.

13.     After much negotiation and through the Home Affordable Program of President Obama, the PLAINTIFFS were able to reach a loan modification executed on December 1, 2009. However, the modification simply reduces the monthly payments and changes the loan to a fixed rate loan over the term of 40 years.  The prior incorrect interest and penalties for alleged past due payments were added into the loan principal and the PLAINTIFFS are still responsible for these erroneous and excessive amounts.

14.     In or about late 2010 or early 2011, Defendant OCWEN advised PLAINTIFFS that it took over the servicing of the subject loan while allegedly in default because of past due payments mentioned above.

15.     Thereafter, OCWEN has attempted to collect a disputed debt.  The specific debt they are attempting to collect is the approximate amount that SAXON previously claimed was unpaid, or in default, and penalties and interest thereon before the PLAINTIFFS entered into the

1  subject loan modification agreement which rolled all past penalty, interest and late payments into

2  the new mortgage.

3      16.    OCWEN, has illegally reported this wrongful debt information to reporting

4  agencies and notified PLAINTIFFS of OCWEN's intent to take further action, including

5  potentially starting the foreclosure process against PLAINTIFFS even though PLAINTIFFS

6  dispute the amount in default alleged by OCWEN on the mortgage that was modified in

7  December of 2009.

8      17.    OCWEN and its principal have been placed on notice of the unfair practices and

9  illegal debt collection practices as stated in the letter of January 18, 2011 sent by certified mail.

10     18.    This January 18, 2011 letter also disputed the debt in writing and requested

11 verification of the disputed debt.

12     19.    Additionally, in this same January 18, 2011 letter, OCWEN was placed on notice

13 that PLAINTIFFS retained counsel for representation regarding all matters relating to

14 PLAINTIFFS' current and past mortgage payments and servicing of such mortgage and that

15 OCWEN was no longer to contact PLAINTIFFS directly.

16     20.    On or about, but not limited to, the following dates, OCWEN made collection

17 attempts for alleged overdue past payments subsequent to notification in writing that

18 PLAINTIFFS retained counsel and that OCWEN was to cease further direct communication with

19 PLAINTIFFS: 1/24/11, 1/28/11, 2/10/11, and 3/15/11.

20     21.    OCWEN and its principal were notified in a second letter sent certified mail dated

21 April 26, 2011 that the debt was disputed in the previous January 18, 2011 letter, that the debt

22 remains disputed, that verification was requested in the previous January 18, 2011 letter, that

23 there had been no verification or response by OCWEN to the January 18, 2011 letter of any kind,

24 that verification is again demanded, that OCWEN was notified in the previous January 18, 2011

25 letter that PLAINTIFFS had retained counsel and that OCWEN was not to contact PLAINTIFFS

26 directly, and again demanded OCWEN cease contacting PLAINTIFFS directly.

27     22.    On or about, but not limited to, the following dates, OCWEN made collection

28 attempts subsequent to notification, twice, in writing that PLAINTIFFS retained counsel and that

OCWEN was to cease further direct communication with PLAINTIFFS: 6/17/11, 7/9/11, 7/12/11, 7/22/11, 9/13/11, and 10/17/11.

23.     On or about, but not limited to, 1/1/11, 7/9/11, and 11/9/11, OCWEN sent letters to PLAINTIFFS stating in each, in part, "NOTICE OF DEFAULT" and "Your mortgage payments are past due, which puts you in default of your loan agreement."  The letter also states, "Failure to bring your account current *may* result in our election to exercise our right to foreclose on your property."  This notice of default was being conveyed as a preliminary step toward potentially starting the foreclosure process, not yet commenced, even though PLAINTIFFS disputed, and OCWEN failed to verify, the alleged debt.

24.     OCWEN failed to rectify the situation and continues to try to collect on illegal and wrongful debt by direct written communication with PLAINTIFFS in spite of the aforementioned notice to cease direct communication with PLAINTIFFS.

## V.

## FIRST CAUSE OF ACTION

### For Violation of the *Fair Debt Collection Practices Act ("FDCPA")*

### (*15 U.S.C. 1692, et seq.*)

### (Against All Defendants)

25.     PLAINTIFFS hereby incorporate all other paragraphs of the lawsuit as though fully written out herein.

26.     An actual controversy has arisen and now exists relating to the rights and obligation of the parties arising out of the alleged mortgage debt of PLAINTIFFS' home, penalties and interest thereon and the statutory violations by Defendants in connection with this alleged violation.  These violations include these Defendants reporting of PLAINTIFFS' alleged delinquencies to credit reporting agencies and these Defendants' attempts to collect alleged overdue payments on the account.

27.     A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and obligations under the mortgage contract.  In addition to a judicial declaration, it is necessary to help remedy the damage to PLAINTIFFS' credit record.

28.     Defendants are engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another and thus Defendants are "debt collectors" as defined by *15 U.S.C. § 1692a(6)*.

29.     PLAINTIFFS are "consumers" as defined by *15 U.S.C. § 1692a(3)*.

30.     The purported debt that Defendants attempted to collect from PLAINTIFFS was a "debt" as defined by *15 U.S.C. § 1692a(5)* because the debt was allegedly in default when service of the debt was transferred.

31.     Defendants disregard for PLAINTIFFS' disputing of the debt violated *15 U.S.C § 1692 e(8)* which prohibits debt collectors from threatening or communicating false credit information, including the failure to communicate that a debt is disputed.

32.     Defendants continued efforts to collect past due payments after the debt was disputed and validation was requested in writing.  These actions violated *15 U.S.C. § 1692 g(B)* which states that a collector must cease collection efforts until the debt is validated.

33.     Defendants communicated with the consumer in connection with the collection of a debt when Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of attorney's name, address, telephone number, and email. Consequently, Defendants violated *15 U.S.C. § 1692c(a)(2)*.

34.     The Defendants attempted to collect a consumer debt by threatening that the nonpayment of the debt would result in foreclosure of the PLAINTIFFS' property, when in fact such action was not contemplated by Defendants and was not permitted by the law.

35.     On or about July 9, 2011, OCWEN sent a letter to PLAINTIFFS with the subject heading "NOTICE OF DEFAULT" which stated that this notification was being conveyed as a preliminary step toward foreclosure even though PLAINTIFFS disputed the amount alleged to be in default and the notice did not comply with notice of default requirements pursuant to California *Civil Code § 2923.5*.

36.     By engaging in the above acts, Defendants threatened to take action that cannot be legally taken or is not intended to be taken in violation of *15 U.S.C. § 1692e(5)*.

37.     By engaging in the above acts, Defendants engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of *15 U.S.C. § 1692e*.

38.     As a result of the conduct alleged above, PLAINTIFFS have suffered non-economic damages, including fear and anxiety, in amounts to be proven at the time of trial.

## VI.

## SECOND CAUSE OF ACTION

**For Violation of *California Business and Professions Code Section 17200, et seq.***

***Unfair Business Practices***

**(*Civil Code Section 1788, et seq.*)**

**(Against Defendants REGAL, SECURED BANKERS, and DOES 26-50)**

39.     PLAINTIFFS hereby incorporate all other paragraphs of the lawsuit as though fully written out herein.

40.     These Defendants have committed acts of unfair business practices by engaging in the following acts:

    a.     Ignoring lending protocols and standards in the industry in order to further Defendants' financial interest at the expense of consumers;

    b.     Putting people in loans that they do not qualify for and that are unfair to the consumer;

    c.     Failing to accurately relay information from the consumer to the potential lenders and purchasers and subsequent purchasers of the Note concerning the financial condition of the consumers; and,

    d.     Other unfair business practices to be proven at the time of trial as discovered in the course of litigation.

41.     The ultimate goal of this despicable conduct is to increase Defendants' ill-gotten profits at the expense of their customers' financial interest.

42.     These unlawful practices alleged above were and are widespread practices engaged in by these Defendants.

43. On behalf of themselves, as well as all similarly situated consumers, PLAINTIFFS request an injunction be issued against these Defendants to enjoin them from continuing to engage in these unlawful practices as alleged herein.

44. On behalf of themselves, as well as all similarly situated consumers, PLAINTIFFS respectfully request that the Court order any and other further equitable relief deemed necessary by the Court, including restitution, as a result of engaging in the unlawful practices alleged.

45. PLAINTIFFS specifically relied upon the acts and practices of these Defendants in securing the original loan and specifically relied upon the advice and representations of these Defendants in entering into the original mortgage. If not for these Defendants' representations and acts, PLAINTIFFS would not have entered into the subject mortgage.

46. As a direct result of these reliances, PLAINTIFFS suffered immediate harm by entering into an unfair mortgage and had their home go into foreclosure. They have become saddled with negative credit reporting consequences and have expended large amounts of time and have suffered mental anguish over this situation. By virtue of the above, PLAINTIFFS have proper standing to sue under this cause of action under the *Tobacco II* case and related cases. More specifically, PLAINTIFFS have made mortgage payments, penalty payments, and other such fees in excess of $10,000.00 that they would not have had to pay had these unfair business practices not been committed by these Defendants.

WHEREFORE, PLAINTIFFS pray for judgment against Defendants as appropriate to each cause of action alleged, as follows:

**First Cause of Action - For Violations of *15 U.S.C. §§ 1692, et seq.*, the *Fair Debt Collection Practices Act* –Against All Defendants:**

1. For actual damages as allowed by *15 U.S.C. § 1692k(a)(1)*;

2. For statutory penalty as allowed by *15 U.S.C. § 1692k(a)(2)(A)*;

3. For attorney fees and costs as allowed by *15 U.S.C. § 1692k(a)(3)*;

4. For punitive damages as allowed by statute; and,

5. For such other and further relief as the Court may deem just and proper.

**Second Cause of Action - For Violation of California Business and Professions Code  – Against  REGAL, SECURED BANKERS, and DOES 26 - 50:**

    1.      For an order enjoining these Defendants from continuing the unfair practices as described in such cause of action, and declaratory relief as appropriate;

    2.      For restitution;

    3.      For attorney fees as legal work performed as a benefit to the community; and,

    4.      For statutory damages as allowed by *Civil Code Section 52(a)*.

**All Causes of Action:**

    1.      For an order enjoining Defendants from pursuing any foreclosure efforts against Plaintiffs based on the facts stated herein.

    2.      For such other and further relief as the Court may deem proper.

    3.      Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

DATED:  February 7, 2012           LAW OFFICES OF J. MICHAEL VALLEE

                                            s/J. Michael Vallee
                                            J.  Michael Vallee
                                          Attorneys for Plaintiffs, PETER SALVATO
                                          And JULIE SALVATO

DATED:  February 7, 2012           LAGUARDIA LAW

                                            s/Eric A. LaGuardia
                                          Eric A. LaGuardia
                                          Attorneys for Plaintiffs, PETER SALVATO
                                          And JULIE SALVATO

FIRST AMENDED COMPLAINT