ERIC D. HOUSER (SBN 130079)
DOUGLAS C. STASTNY (SBN 269470)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Phone: (949) 679-1111
Fax: (949) 679-1112
Email: dstastny@houser-law.com

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SALVATO and JULIE SALVATO, <br><br> Plaintiffs, <br><br> vs. <br><br> OCWEN LOAN SERVICING, LLC, REGAL HOME LOANS, SECURED BANKERS MORTGAGE, and DOES 1 through 50, <br><br> Defendant(s). | CASE NO.: 3:12-CV-00088-JLS-POR <br><br> HON. Janis L. Sammarito <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; [PROPOSED] ORDER** <br><br> [FRCP 12(b)(6)] <br><br> Date: March 29, 2012 <br> Time: 1:30 p.m. <br> Place: Courtroom 6 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

---

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
1

**PLEASE TAKE NOTICE THAT** on March 29, 2012 at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 6 of the above-entitled Court, located at 940 Front Street, San Diego, California 92101, Defendant OCWEN LOAN SERVICING, LLC ("Ocwen") hereby moves to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs PETER SALVATO and JULIE SALVATO ("Plaintiffs").

DATED: February 22, 2012

HOUSER & ALLISON
A Professional Corporation

 /s/ Douglas C. Stastny
Eric D. Houser
Douglas C. Stastny
Email: dstastny@houser-law.com
Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

---

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

2

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................ 2

III. ARGUMENT ................................................................................................ 3

    A. PLAINTIFFS' FDCPA CLAIM FAILS BECAUSE PLAINTIFFS' HAVE NOT SUFFICIENTLY ALLEGED A CAUSE OF ACTION UNDER THE FDCPA AND OCWEN IS NOT A "DEBT COLLECTOR" AS DEFINED BY THE ACT ........................................ 3

        1. Plaintiffs Were Not in Default When Ocwen Began Servicing the Loan ........................................................................................... 4

        2. Ocwen is Not a Debt Collector Under the FDCPA ........................ 6

        3. Ocwen is Not a Debt Collector Even if Plaintiffs' Loan Was in Default When Ocwen Began Servicing the Loan ........................... 8

    B. DISMISSAL IS APPROPRIATE AS PLAINTIFFS' FAC DOES NOT AND CANNOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............................................................................................. 9

    C. PLAINTIFFS' FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE FURTHER LEAVE TO AMEND WOULD BE FUTILE ........................................................................................... 10

IV. CONCLUSION ........................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Angulo v. Countrywide Home Loans, Inc.,
  2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009) .................................................. 7

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544, 555 (2007) ........................................................................................ 9

Chang v. Chen,
  80 F.3d 1293, 1296 (9th Cir. 1996) ...................................................................... 10

Collins v. Power Default Services, Inc.,
  2010 WL 234902, at *3 (N.D. Cal., 2010) ............................................................. 6

Constantini v. Wachovia Mortg. FSB,
  2009 WL 1810122 (E.D. Cal. June 23, 2009) ........................................................ 7

Durland v. Fieldstone Mortg. Co.
  (S.D. Cal. 2011) 2011 WL 805924, *5 ................................................................ 5, 6

Gallegos v. Recontrust Co.,
  2009 WL 215406 (S.D.Cal. 2009) .......................................................................... 6

Hepler v. Washington Mut. Bank, F.A.,
  2009 WL 1045470 (C.D. Cal. Apr. 17, 2009) ........................................................ 7

Hulse v. Ocwen Fed. Bank, FSB,
  195 F.Supp.2d 1188, 1204 (D.Or.2002) ................................................................. 6

McKinney v. Cadleway,
  548 F.3d 496, 501 (7th Cir. 2008) .......................................................................... 8

Nera v. Am. Home Mortg. Servicing, Inc.,
  2009 WL 2423109 (N.D. Cal. Aug. 4, 2009) ......................................................... 7

Pineda v. Saxon Mortg. Servs.,
  2008 WL 5187813 (C.D. Cal. Dec. 10, 2008) ........................................................ 7

Ryabyshchuk v. Citibank (South Dakota) N.A.
  (S.D. Cal. 2011) 2011 WL 5976239, *4 ................................................................. 4

Schlegel v. Wells Fargo Bank, N.A.,
   2011 WL 2621668, at *2-*4 (N.D. Cal. 2011).................................................. 8

Schlosser v. Fairbanks Capital Corp.,
   323 F.3d 534, 536 (7th Cir. 2003) ...................................................................... 8

Steams v. Select Comfort Retail Corp.
   (N.D. Cal. 2010) 763 F.Supp.2d 1128, 1144-45............................................... 4

Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.,
   922 F.Supp. 299, 304 (C.D. Cal. 1996) .............................................................. 9

Toledo v. Keller King & Associates, Inc.,
   2011 WL 4479528, at *5 (N.D. Cal. 2011) ........................................................ 3

Western Mining Council v. Watt,
   643 F.2d 618, 624 (9th Cir. 1981) cert. denied, 454 U.S. 1031 (1981).............. 9

Wyler Summit Partnership v. Turner Broadcasting System, Inc.,
   135 F.3d 658, 661 (9th Cir. 1998) ...................................................................... 9

**Statutes**

15 U.S.C. § 1962a(4) ................................................................................................. 4

15 U.S.C. §1692......................................................................................................... 1

Cal. Civ. Code § 1788.2(c) ........................................................................................ 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

With this First Amended Complaint ("FAC"), Plaintiffs PETER SALVATO and JULIE SALVATO ("Plaintiffs") attempt to qualify Defendant OCWEN LOAN SERVICING, LLC ("Ocwen"), a loan service company, as a debt collector against established federal law to the contrary and contrary to Plaintiffs' own original Complaint. In fact, Plaintiffs now contradict their prior Complaint only after Defendant Motion to Dismiss was filed pointing out that the original Complaint failed because the debt was not in default at the time Ocwen began servicing the loan. The gravamen of Plaintiffs' FAC involves speculative allegations of improper debt collection by Ocwen. Plaintiffs allege that Ocwen has attempted to collect debt that is the "approximate amount" that the prior servicer of the loan rolled into the modified mortgage in 2009. However, Plaintiffs' claim fails for numerous reasons.

First, Plaintiffs incorrectly allege that Ocwen was a "debt collector" as defined under 15 U.S.C. §1692, *et seq.*, aka the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs' FAC contains new allegations attempting to plead around the FDCPA, however these new allegations are contradictory of the original Complaint and thus must be stricken or given no factual weight. California law is clear that loan servicers such as Ocwen are not "debt collectors" and that

foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning of the FDCPA. Second, Plaintiffs' FAC lacks sufficient facts to establish anything but pure speculation as to the source or basis for the alleged debt. Plaintiffs' unsupported belief that the debt is the "approximate amount" of prior fees issued by a prior servicer is not enough to nudge their claim across the line from conceivable to plausible. Therefore, Plaintiffs' entire FAC fails to state a claim upon which relief can be granted against Ocwen and should therefore be dismissed without leave to amend.

## II. STATEMENT OF FACTS

In or about October 2005, Plaintiffs borrowed $460,000 (the "Loan") to purchase the property located at 9240 Vista Drive in Spring Valley, California, 91977 (the "Property"). [FAC at ¶1][*See* Request for Judicial Notice [Docket #3-1]("RJN"), Exhibit 1]]. The Loan was secured by a Deed of Trust recorded into the San Diego County Recorder's Office on October 19, 2005. *Id.* Plaintiffs defaulted on the Loan and allegedly acquired a loan modification in December 2009. [FAC at ¶13]. Plaintiff alleges that as part of the modification, the arrearages, amounts past due, and outstanding fees were rolled into a new principal loan amount. [FAC at ¶2]. Plaintiffs speculate that those fees were somewhere in between $3,000 and $10,000, but do not state for certain. *Id.* Thereafter, in 2010, Ocwen took over as servicer of the Loan. [FAC at ¶14]. On an unspecified date, and for an unspecified reason, Plaintiffs allege that Ocwen began to attempt to

collect an alleged debt that "is the approximate amount" that was allegedly previously rolled into the modified loan principal amount. [FAC at ¶15]. Plaintiffs dispute the alleged debt and claim that Defendants have improperly attempted to collect the alleged debt.

## III. ARGUMENT

### A. PLAINTIFFS' FDCPA CLAIM FAILS BECAUSE PLAINTIFFS' HAVE NOT SUFFICIENTLY ALLEGED A CAUSE OF ACTION UNDER THE FDCPA AND OCWEN IS NOT A "DEBT COLLECTOR" AS DEFINED BY THE ACT

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To assert a cause of action under the FDCPA, a plaintiff must allege: "(1) that plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Toledo v. Keller King & Associates, Inc.*, 2011 WL 4479528, at *5 (N.D. Cal. 2011). Here, because Plaintiffs were not in default when Ocwen began servicing Plaintiff's Loan, Ocwen is a creditor and not a debt collector under the FDCPA and therefore Plaintiffs cannot maintain a claim for relief.

### 1. Plaintiffs Were Not in Default When Ocwen Began Servicing the Loan

Not unnoticed is the fact that one of the few amendments to Plaintiffs' FAC from the original Complaint are new allegations that "the debt was allegedly in default when service of the debt was transferred" to Ocwen. [FAC ¶¶ 14, 30, Introduction p. 2, ll 4]. Plaintiffs clearly are attempting to merely plead Ocwen into a "debt collector" without any basis in fact. [*See* 15 U.S.C. § 1962a(4) which excludes persons who receive a debt in default from the "creditor" exception under FDCPA]. Plaintiffs' new allegations expressly contradict Plaintiffs' prior allegations in the original Complaint and therefore must be stricken and/or given little or no plausible weight by the Court.

The district court is not required to accept as true allegation in an amended complaint that, without any explanation, contradict an earlier complaint. *Stearns v. Select Comfort Retail Corp.* (N.D. Cal. 2010) 763 F.Supp.2d 1128, 1144-45. (Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as "false and sham"). Should the court not strike such contradictory allegations, the court may utilize prior versions of the complaint to *judge the plausibility* of the allegations in the amended complaint. *Ryabyshchuk v. Citibank (South Dakota) N.A.* (S.D. Cal. 2011) 2011 WL 5976239, *4.

Here, there are obvious and false contradictions between the original Complaint and the FAC. In Plaintiffs' original Complaint, they alleged:

> 16. OCWEN has illegally reported this wrongful debt information to reporting agencies and started the foreclosure process against PLAINTIFFS even though they are **current** on the mortgage that was modified in December 2009. (emphasis added).

The same respective paragraph of Plaintiffs' FAC reads:

> 16. OCWEN, has illegally reported this wrongful debt information to reporting agencies and notified PLAINTIFFS of OCWEN's intent to take further action, including potentially[1] starting the foreclosure process against PLAINTIFFS even though PLAINTIFFS dispute the amount in default alleged by OCWEN on the mortgage that was modified in December 2009.

Any mention of being current on their Loan is noticeably missing in the new allegations contained in the FAC. Plaintiffs FAC was drafted and filed after Ocwen pointed out in its Motion to Dismiss Plaintiffs' Complaint how Plaintiffs' FDCPA claim failed because Plaintiffs were not in default when Ocwen began servicing and therefore, Ocwen was not a debt collector under the FDCPA.[2] Only

---

[1] Also of note, Plaintiffs also attempt to plead around established California law that the "activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA" by amending the FAC to state that Ocwen "potentially" started the foreclosure process. [FAC ¶16]. *See, Durland v. Fieldstone Mortg. Co.* (S.D. Cal. 2011) 2011 WL 805924, *5. Whereas in the original Complaint, Plaintiffs' alleged that Ocwen had "started the foreclosure process against PLAINTIFFS". [Complaint ¶16].

[2] Plaintiffs' new allegations of default are also contradicted by their own admissions contained in the FAC. First, Plaintiffs allege that they acquired a modification from their prior servicer which would have made them current on the Loan. [FAC ¶13]. Although extremely broad and unspecific (perhaps intentionally), Plaintiffs allege that Ocwen began to service the Loan "sometime in late 2010 or early 2011". [FAC ¶6]. If Plaintiffs acquired a modification from their prior servicer (who allegedly rolled all of Plaintiffs' arrears in to the new modification) Plaintiffs

then did Plaintiffs amend to now allege that the account was "allegedly" in default. Further, their own allegation does not allege unequivocally that they were in fact in default. Instead, the allegation is that Plaintiffs were "allegedly" in default. Based upon Plaintiffs' contradictory and ambiguous allegations, it is simple not plausible that Plaintiffs were in default at the time Ocwen began servicing the loan. Plaintiffs must not be allowed to plead around their FDCPA and any contradictory allegations in the FAC must be stricken and/or given little or no plausible weight by this Court.

### 2. Ocwen is Not a Debt Collector Under the FDCPA

This Court has held, and California law is clear, that the "activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Durland v. Fieldstone Mortg. Co.* (S.D. Cal. 2011) 2011 WL 805924, *5 (citing *Tina v. Countrywide Home Loans, Inc.* (S.D. Cal. 2008) 2008 WL 4790906); *see also Gallegos v. Recontrust Co.* (S.D.Cal. 2009) 2009 WL 215406. The *Gallegos* court held that:

> To be liable for a violation of the FDCPA or the RFDCPA, the defendant must-as a threshold requirement-be a 'debt collector' within the meaning of the Acts. *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Cal. Civ. Code § 1788.2(c). **The 'activity of foreclosing on [a] property**

---

presumably were not in default when Ocwen began servicing the loan. Plaintiffs allege to not have been contacted by Ocwen about the alleged debt until 1/1/11 at the earliest. [FAC ¶23]. Yet, according to their prior admission, Ocwen could have (and in fact did) begin to service the Loan prior to this date in late 2010 – making any allegation that the Loan was in default when Ocwen began servicing the Loan absolutely false.

**pursuant to a deed of trust is not the collection of a debt within the meaning of the' FDCPA.** *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure proceedings pursuant to a deed of trust under the FDCPA). **This action challenges the lawfulness of foreclosure proceedings on the Property pursuant to the Deed of Trust, which is not the collection of a debt within the meaning of the RFDCPA or the FDCPA.** Furthermore, aside from the conclusory allegation that 'Defendants and each of them ... have acted as a debt collector,' the Court finds that the Complaint does not allege facts to support the allegation that Defendants are debt collectors within the meaning of the RFDCPA or the FDCPA." [emphasis added].

A debt collector, as defined by 15 U.S.C. § 1692a(6), means any person who "regularly collects or attempts to collect, directly or indirectly, debt owed or due to another." "Creditors" are not considered debt collectors. The creditor exception under 15 U.S.C. § 1692a(6) states that creditors collecting their own consumer debts and the creditor's, officers or employees collecting debts on the creditor's behalf are not debt collectors. Further, "[t]he law is well-settled that creditors, mortgagors and mortgage service companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Angulo v. Countrywide Home Loans, Inc.*, 2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009) (*citing Nera v. Am. Home Mortg. Servicing, Inc.*, 2009 WL 2423109 (N.D. Cal. Aug. 4, 2009); *Constantini v. Wachovia Mortg. FSB*, 2009 WL 1810122 (E.D. Cal. June 23, 2009); *Hepler v. Washington Mut. Bank, F.A.*, 2009 WL 1045470 (C.D. Cal. Apr. 17, 2009); *Pineda v. Saxon Mortg. Servs.*, 2008 WL 5187813 (C.D. Cal. Dec. 10,

2008)). Here, Ocwen is not a debt collector under the FDCPA by virtue of its status as a loan servicer. *See Angulo*, 2009 WL 3427179 at *5.

### 3. <u>Ocwen is Not a Debt Collector Even if Plaintiffs' Loan Was in Default When Ocwen Began Servicing the Loan</u>

As the servicer of Plaintiffs' Loan, Ocwen is not a "debt collector." Neither is Ocwen a debt collector under the FDCPA even if Plaintiffs' debt was in default at the time Ocwen acquired any rights. Entities that receive assignments of debt in default may still be considered creditors. *Schlegel v. Wells Fargo Bank, N.A.*, 2011 WL 2621668, at *2-*4 (N.D. Cal. 2011). Here, Ocwen is a "creditor" as opposed to a "debt collector" because its actions are more akin to "debt servicing" than "debt collection." The legislative history of the FDCPA "highlights Congress's intent to police the coercive, unrestrained activities of third party debt collectors as distinct from debt servicers." *Id.* at *2 (*citing McKinney v. Cadleway*, 548 F.3d 496, 501 (7th Cir. 2008). "The Act is aimed at debt collectors who might have 'no future contact with the consumer and often are unconcerned with the consumer's opinion of them.'" *Id.* (*citing Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). On the other hand, creditors that have an "ongoing relationship" with their debtors are typically not characterized as debt collectors because their actions are more akin to "debt servicing" than "debt collection." *Id.* Loan modification activity is indicative of an ongoing relationship. *Id.*

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
8

Here, Ocwen serviced Plaintiffs' residential mortgage loan and its relationship with Plaintiffs is more akin to a "debt servicing" than a "debt collection." Therefore Ocwen is not a "debt collector" even if Plaintiffs allege that the debt was in default when Ocwen acquired any rights to the debt. Plaintiffs fail to state a claim for relief under the FDCPA because there is no underlying consumer debt that invokes its statutory provisions. Accordingly, Plaintiffs' FDCPA claim fails as a matter of law and must be dismissed with prejudice.

**B.     DISMISSAL IS APPROPRIATE AS PLAINTIFFS' FAC DOES NOT AND CANNOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiffs' FAC does not and cannot allege a cognizable legal theory or sufficient facts under a cognizable legal claim and thus should be dismissed with prejudice. "[F]actual allegations must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations case in the form of factual allegations. *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F.Supp. 299, 304 (C.D. Cal. 1996)

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
9

(citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

As will be briefed in full below, Plaintiffs' debt collection claim is contrary to established California and federal law. The factual allegations with respect to the FDCPA claim are entirely speculative and conclusory in nature. Plaintiffs speculatively allege that the previous fees rolled into the prior loan modification were "somewhere in [] between $3,000.00 and 10,000.00" [FAC at ¶2] and that the amount Ocwen attempted to recover relating to the Loan "is the approximate amount" that the prior servicer rolled into the modification [FAC at ¶15]. Such speculation cannot form the basis for a claim against Ocwen here. *Twombly*, at 555. Dismissal is appropriate as Plaintiffs have not and cannot state a claim upon which relief may be granted against Ocwen.

### C. PLAINTIFFS' FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE FURTHER LEAVE TO AMEND WOULD BE FUTILE

Through leave to amend is generally liberally granted, leave to amend here would be futile and a waste of judicial resources. Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

Here, Ocwen has thoroughly explained that the statutory violations that form the basis for Plaintiffs' FAC are not applicable to Ocwen as a loan servicer.

Therefore, there is no possibility that Plaintiffs could cure the fatal defects of their FAC should the Court grant them leave to amend. Further, Plaintiffs' second claim for Unfair Business Practices must be dismissed because it does not allege allegation against Ocwen and Plaintiffs have dismissed defendants Regal Home Loans and Secured Bankers Mortgage from this action, the only parties identified in Plaintiffs' Unfair Business Practices claim. Therefore, no claims survive to make Plaintiffs' FAC a viable claim for relief. Moreover, Plaintiffs have already amended their original Complaint once before and therefore, have already been given a reasonable opportunity to amend their claim for relief. As such, the Court should dismiss Plaintiffs' FAC in its entirety without leave to amend.

## IV.  CONCLUSION

For all the foregoing reasons, Ocwen hereby respectfully requests that this Court grant Ocwen's Motion to Dismiss in its entirety and without leave to amend.

DATED: February 22, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/ Douglas C. Stastny
Eric D. Houser
Douglas C. Stastny
Email: dstastny@houser-law.com
Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
11

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On February 22, 2012 I served the following document(s) described as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

On the following interested parties in this action:

| | |
|---|---|
| J. Michael Vallee | Eric A. LaGuardia |
| Law Offices of J. Michael Vallee | Laguardia Law |
| 603 N. Highway 101, Suite G | 1455 Kettner Boulevard, Suite 214 |
| Solana Beach, CA 92075 | San Diego, CA 92101 |
| P: 858-755-6477 | P: 619-655-4322 |
| F: 858-755-0785 | F: 619-655-4344 |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |

[X] VIA FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on February 22, 2012 at Irvine, California.

Kokie Nguyen